Case 1:19-cv-09934-GHW   Document 28   Filed 04/27/20   Page 1 of 4

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
 BRAULIO THORNE, on behalf of himself and all    :
 other persons similarly situated,               :
                                                 :
                                    Plaintiff,   :       1:19-cv-9934-GHW
                  -against-                      :
                                                 :       MEMORANDUM OPINION
 JERSEY MIKE'S FRANCHISE SYSTEMS, INC,           :           AND ORDER
                                                 :
                                    Defendant.   :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/27/2020

GREGORY H. WOODS, United States District Judge:

This is another case where a visually impaired person has sued a restaurant for failing to stock Braille or otherwise accessible gift cards.  Because this complaint suffers from the same pitfalls as those in *Dominguez v. Banana Republic, LLC*, No. 1:19-CV-10171-GHW, 2020 WL 1950496 (S.D.N.Y. Apr. 23, 2020), the Court comes to the same conclusion and GRANTS Defendant's motion to dismiss.

**I.     BACKGROUND**

Like the allegations in *Banana Republic*, the facts presented in the complaint are relatively straightforward.

Jersey Mike's Franchise Systems, Inc. ("Defendant" or "Jersey Mike's"), like many restaurants, offers consumers the opportunity to purchase "pre-paid cash cards, colloquially referred as 'store gift cards,'" that can be used in place of cash at its stores.  First Amended Complaint ("FAC"), Dkt. No. 21, ¶¶ 4 & n.1.  Though they look and feel like credit cards, *see* FAC ¶ 35, gift cards are redeemable only at "a specified merchant or affiliated merchants."  FAC ¶ 29 & n.3.

On October 23, 2019, Braulio Thorne ("Plaintiff"), called Jersey Mike's customer service office to ask whether the store sold Braille gift cards.  *See* FAC ¶ 16.  An employee told him that Jersey Mike's did not.  *See* FAC ¶ 16.  During that call, the employee did not offer Plaintiff any

alternative auxiliary aids or services.  *See* FAC ¶ 17.  Sometime later, Plaintiff unsuccessfully attempted to locate accessible Jersey Mike's gift cards on his own.  *See* FAC ¶ 18.  The lack of an accessible gift card deterred Plaintiff from "fully and equally us[ing] or enjoy[ing]" the "facilities, goods, and services Defendant offers to the public at its restaurants."  FAC ¶ 43.  As soon as accessible gift cards are available, however, "Plaintiff intends to immediately go purchase" one.  FAC ¶ 46.

Plaintiff sued Jersey Mike's under the ADA, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*, seeking compensatory damages, punitive damages, and a permanent injunction to "cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's store gift cards will become and remain accessible to blind and visually-impaired consumers," and, of course, attorney's fees.  FAC ¶ 10.

Jersey Mike's moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II.     ANALYSIS

The Court refers the reader to the legal standard articulated in Part II of *Banana Republic*, 2020 WL 1950496, at *2.  The discussion and application of the law there applies in equal force in here.

Because the Plaintiff here has failed to provide the Court with sufficient evidence of his intent to return to Jersey Mike's, he, like the plaintiff in *Banana Republic*, lacks standing to assert his ADA claim.  There is virtually no difference between the two complaints:  like Dominguez, Thorne generically asserts that he "resides in New York, NY, close to Defendant's restaurant located in Bronx, NY"[1] and "has been a customer at Defendant's restaurant on prior occasions and intends to

---

[1] This generic assertion is also at odds with another one of Plaintiff's claims:  "Defendant owns, operates and/or controls Jersey Mike's restaurants across the United States. Several of these restaurants are located in the Southern District of New York, and in close proximity to Plaintiff's residence."  FAC ¶ 27.  The Court is

2

immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind and utilize it at Defendant's restaurant." FAC ¶¶ 21, 25. The intent-to-return inquiry, as explained in *Banana Republic*, is a "highly fact-sensitive inquiry that incorporates a range of factors" such as "the frequency of the plaintiff's past visits" and "the proximity of the defendant's services, programs, or activities to the plaintiff's home" along with any other factors "relevant to the calculation" including the plaintiff's "occupation or demonstrated travel habits." *Bernstein v. City of New York*, 621 F. App'x 56, 59 (2d Cir. 2015) (citing *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013) (per curiam) and *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d. Cir. 2008)). Since the Court may "refer to evidence outside the pleadings" when adjudicating a Rule 12(b)(1) motion, *see Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000), the Court notes that "New York, NY" is not necessarily very close to "Bronx, NY" at all. Regardless, Throne never asserts, for instance, that he frequently visits submarine sandwich shops near Yankee Stadium, or that he routinely travels to the Bronx to visit fast food establishments. *See Banana Republic,* 2020 WL 1950496, at *4.

Plaintiff's ADA claim would also fail under Rule 12(b)(6) for all of the reasons identified in *Banana Republic*. *See* 2020 WL 1950496, at *5–12. Indeed, there are no substantive differences between either the complaint or the briefing in this case and *Banana Republic* that would compel a different conclusion. Thorne has even made similar errors in his opposition as the plaintiff in *Banana Republic*: he consistently references Defendant's retail products in his opposition, even though Jersey Mike's is a restaurant. *See* Plaintiff's Opposition, Dkt. No. 26, at 3, 13, 14, 18.

Because the Court would dismiss Plaintiff's ADA claims, it need not engage in a substantive analysis of the merits of Plaintiff's NYSHRL and NYCHRL claims; this Court would decline to exercise supplemental jurisdiction over Plaintiff's state and city claims. *See Banana Republic*, 2020 WL

---

aware of only one Jersey Mike's restaurant in New York: the one in the Bronx by Yankee Stadium. *See* Find a Location, https://www.jerseymikes.com/locations?search=new+york (last visited April 26, 2020).

3

1950496, at *5, 12.

## III. CONCLUSION

This case is indistinguishable from *Banana Republic*. It should therefore come as no surprise that the Court comes to the exact same conclusion.

For these reasons, Defendant's motion to dismiss is GRANTED. Within fifteen days, Plaintiff may file a second amended complaint to cure the deficiencies articulated in this opinion by alleging additional facts about the interactions he has had with Jersey Mike's. If no amended complaint is filed within that time frame, the Court will enter a final judgment of dismissal and direct the Clerk of Court to close this case.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 24.

SO ORDERED.

Dated:  April 26, 2020

_____
GREGORY H. WOODS
United States District Judge